# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2012

Lyle W. Cayce
Clerk

No. 11-30139
Summary Calendar

CHRISTOPHER BUCKENBERGER,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1194

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Christopher Buckenberger, Louisiana prisoner # 102343, appeals the district court's denial of his 28 U.S.C. § 2254 application challenging his convictions for attempted second degree murder, attempted forcible rape, attempted second degree kidnaping, and public intimidation. The district court granted a certificate of appealability (COA) as to whether Buckenberger was entitled to habeas relief under the Confrontation Clause. We previously denied Buckenberger's motion to expand the issues on which COA was granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The denial of § 2254 relief under the Confrontation Clause is reviewed de novo because it presents a mixed question of law and fact. *See Fratta v. Quarterman*, 536 F.3d 485, 499 (5th Cir. 2008). Because Buckenberger's Confrontation Clause claim was adjudicated on the merits by the state court, *see State v. Buckenberger*, 984 So. 2d 751, 753 (La. Ct. App. 2008), the district court was prohibited from granting habeas relief unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1). The "clearly established Federal law" refers to holdings of the Supreme Court at the time of the state court's decision. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000). An unreasonable application of law differs from an incorrect application; thus a federal habeas court may correct what it finds to be an incorrect application of law only if this application also is objectively unreasonable. *See id. at* 409-11.

Buckenberger argues that the arresting officer's statements as to what the victim told him should have been suppressed because they were not excited utterances and there was no continuing emergency. He also asserts, without support, that the officer and the victim fabricated their stories, that their veracity could have been impeached, that the officer admitted violating the Confrontation Clause, and that the state's representation that the victim could not be found to testify at trial was false. He contends that there was insufficient evidence as to the victim's emotional state and that admission of the victim's statements was not harmless error because it was key to his conviction.

In *Crawford v. Washington*, 541 U.S. 36, 54-57, 68 (2004), the Supreme Court held that out-of-court testimonial statements are barred by the Sixth Amendment's Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. Only testimonial statements "cause the declarant to be a 'witness' within the meaning

of the Confrontation Clause." *Davis v. Washington*, 547 U.S. 813, 821 (2006). The state court correctly identified the governing law in *Crawford* and *Davis*, but determined that the victim's statements were made during an ongoing emergency and were nontestimonial. The victim's statements were made at the scene, while under the stress of the incident, and while law enforcement was still attempting to resolve the situation and to obtain any needed treatment for the victim. Given these circumstances, which are distinguishable from any controlling Supreme Court precedent at the time of the state court's decision, the state court's determination that the statements were nontestimonial is not objectively unreasonable. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *Williams*, 529 U.S. at 409-11. Additionally, in light of the eyewitness testimony regarding Buckenberger's conduct, Buckenberger has not shown that the state court's determination that any error was harmless involved an unreasonable application of clearly established federal law. *See Williams*, 529 U.S. at 409-11; *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Fratta*, 536 F.3d at 507-08. Accordingly, the district court's judgment is AFFIRMED.

Buckenberger's motions to supplement his brief and his reply brief, and his motion for judicial notice, are DENIED.